SUMMARY ORDER

Plaintiffs are former employees of Defendant Knolls Atomic Power Laboratory (“the employer”) who lost them jobs and sued pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 681(a), and the New York Human Rights Law, N.Y. Exec. Law § 296(3-a)(a). Following our August 14, 2006 decision in Meacham v. Knolls Atomic Power Laboratory, 461 F.3d 134 (2d Cir.2006), Plaintiffs appealed to the United States Supreme Court citing conflicting decisions regarding the assignment of the burden of persuasion on the reasonable-factors-other-than-age (“RFOA”) defense. The Supreme Court granted certiorari, vacated, and remanded to us. Meacham v. Knolls Atomic Power Laboratory, - U.S. -, 128 S.Ct. 2395, 171 L.Ed.2d 283 (2008). We assume the parries’ familiarity with the underlying facts and the extensive procedural history of this case.
For the reasons stated in its June 19, 2008 opinion, the Supreme Court held that “the RFOA exemption is an affirmative defense” for which the employer bears the burden of persuasion. Meacham, 128 S.Ct. at 2404, 2406. After clarifying this allocation of the burden, the Supreme Court instructed us to determine “whether the outcome [of this case] should be any different when the burden is properly placed on the employer.” Id. at 2406-07. Because this determination requires a factual inquiry that this Court lacks the institutional capacity to perform, we now remand to the United States District Court for the Northern District of New York for consideration of the following issues:
(1) Did the employer waive the RFOA affirmative defense by its conduct at the district court?
(2) If so, was any such waiver excused as the “the result of conflicting statements in our case law, for which [the employer] should not be penalized”?[1]
(3) If the employer did not waive the defense, or if any such waiver is excused:
(a) Should the employer prevail as a matter of law on the RFOA defense in light of the Supi’eme Court’s decision?
(b) Should this case be resolved on the record created, or is a new trial warranted in light of the change in the relevant law?
Depending on the findings and rulings made in considering these questions, the district court may enter such orders and conduct such further proceedings (including discovery and trial) as the district court deems appropriate. Any further appeal in this case will be assigned to a new panel in the ordinary course.
We hereby REMAND to the district court for further proceedings in accordance with this order.

. In re Salomon Analyst Metromedia Litig., 544 F.3d 474, 485 (2d Cir.2008).